## City of Philadelphia v. Bowers.

*Taxes—Assumpsit by City of Philadelphia—Acts of April 16, 1845, and June 4, 1901.*

1. The City of Philadelphia may maintain a personal action against the owner of real estate for taxes assessed.

2. Section 4 of the Act of April 16, 1845, P. L. 495, is not repealed by the Act of June 4, 1901, P. L. 364.

Statutory demurrer. C. P. No. 3, Phila. Co., Dec. T., 1921, No. 366.

*M. R. Longstreth,* for plaintiff; *W. F. Brennan,* for defendant.

FERGUSON, J., Feb. 27, 1923.—This is an action brought by the City of Philadelphia against Lee S. Bowers to recover the amount of taxes assessed for the year 1918 against a parcel of real estate owned by him on Jan. 1st of that year and during the whole of the year. An affidavit of defence in lieu of demurrer has been filed, and the sole question raised by that demurrer is whether or not the City of Philadelphia has a right to bring a personal action against an owner of real estate for taxes assessed.

That the City of Philadelphia has such power we think there is no doubt. By section 4 of the Act of April 16, 1845, P. L. 495, the Treasurer of the

City of Philadelphia *v.* Bowers.

County of Philadelphia is given power to bring a personal action for taxes duly assessed against real estate. By the Act of April 12, 1859, § 1, P. L. 543, powers conferred upon the Treasurer of the County of Philadelphia are conferred on the Receiver of Taxes, with the proviso that actions, suits or proceedings instituted under the act shall be in the name of the City of Philadelphia.

It has been repeatedly held that taxes in Philadelphia are assessed prior to the first day of January of the tax year, and they fall due on that day for the whole year. They are not apportioned among the different owners during the year, and the owner on Jan. 1st is personally liable for the whole of the taxes of that year, even though he conveys the land during the year: King *v.* Building Society, 106 Pa. 165.

It is suggested, however, that the Act of April 16, 1845, P. L. 495, is repealed by the Act of June 4, 1901, P. L. 364. We do not find in the last-mentioned act any reference thereto. There is a specific repeal of sections 1, 2, 3 and 4 of an act passed April 16, 1845, P. L. 488, which doubtless explains the error into which counsel has fallen. While it is true there are two acts, both approved on April 16, 1845, the one repealed by the Act of 1901 is indicated not only by its date and its page in the Pamphlet Laws, but also by its title, and the act under which the present proceedings are instituted is not referred to.

Neither can it be said that by implication was section 4 of the Act of April 16, 1845, P. L. 495, repealed. The Act of 1901 provides when, how and upon what property and to what extent lands shall be liable for taxes for municipal improvements, for the removal of nuisances and the procedure upon claims filed therefor. It is a lien act, pure and simple, and by its concluding language, found on page 403, it is declared that it shall furnish a complete and exclusive system, so far as relates to the practice and procedure for the filing, collection, etc., of tax and municipal claims. There is nothing in the act which suggests any intention to disturb the power of the City to bring a personal action against the owner of real estate whose taxes have not been paid.

The defendant is, therefore, required to file an affidavit of defence on the merits within fifteen days of this date, otherwise to submit to judgment.